1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
9                    AT TACOMA

10

11    RICHARD CONELY,                           CASE NO. C11-6064 RJB

12                       Plaintiff,             ORDER ON PLAINTIFF'S MOTION
                                                TO FILE AMENDED COMPLAINT
13            v.

14    CITY OF LAKEWOOD, a Municipal
      Corporation, JAMES SYLER, in his
15    official and individual capacity and JANE
      DOE SYLER and their marital
16    community,

17                       Defendants.

18          This matter comes before the court on plaintiff's motion to file an amended complaint.

19    Dkt. 14.  The court has considered the relevant documents and the remainder of the file herein.

20          The incident that is the subject of the complaint occurred on September 26, 2009, when

21    plaintiff was allegedly injured by police dog Astor.  Astor was allegedly under the control of

22    Office James Syler, who was acting within the scope of his employment with the City of

23    Lakewood.

24

1    On May 8, 2012, the court issued an order, granting in part and denying in part the City

2    of Lakewood's motion for judgment on the pleadings.  Dkt. 17.  Pursuant to that order, (1) the

3    federal civil rights claims against the City of Lakewood were dismissed; (2) the direct liability

4    claims against the City of Lakewood for assault and battery, negligence, negligent use of

5    excessive force, intentional infliction of emotional distress, and negligent infliction of emotional

6    distress were dismissed; (3) the strict liability claim asserted against the City of Lakewood

7    pursuant to RCW 16.08.040 and the vicarious liability claims asserted against the City of

8    Lakewood through a theory of *respondeat superior* remain; and (4) the strict liability claim

9    against Officer Syler pursuant to RCW 16.04.040 remains.  Dkt. 17.  The federal constitutional

10   and state law claims against Officer Syler were not addressed by the City of Lakewood's motion

11   for judgment on the pleadings or the court's May 8, 2012 order.

12   On April 30, 2012, plaintiff filed a motion to file an amended complaint, and attached a

13   copy of the proposed amended complaint.  Dkt. 14.  The proposed amended complaint eliminates

14   the federal civil rights claims against the City of Lakewood, and clarifies "the City of

15   Lakewood's role with respect to training and using Police Dog Astor."  Dkt. 14, at 2.

16   In response to the motion to amend, defendants do not oppose amendment of the

17   complaint.  Instead, defendants request that the court direct plaintiff  to revise the proposed

18   amended complaint to be consistent with the court's May 8, 2012 order, "to the extent that

19   plaintiff is requesting to amend his complaint to reassert previously dismissed causes of action,

20   specifically any direct causes of action against the City, exclusive of strict liability."  Dkt. 18, at

21   1.

22   Fed.R.Civ.P. 15(a) provides in relevant part as follows:

23   **(a) Amendments Before Trial.**

24

ORDER ON PLAINTIFF'S MOTION TO FILE
AMENDED COMPLAINT- 2

**(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

**(A)** 21 days after serving it, or

**(B)** if the pleading is one to which a responsive pleading is require3d, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

**(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

In deciding whether the grant a motion to amend, the court considers a number of factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing parties, harm to the movant if leave is not granted, and futility of the amendment. *Foman v. Davis*, 37 U.S. 178, 182 (1962); *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997).

In this case, there does not appear to be undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to defendants. There would be harm to plaintiff if he were unable to clarify his claims. Amendment of the complaint would does not appear to be futile.

The issue here is whether the proposed amended complaint meets the pleading standards for stating a claim for relief.

Fed.R.Civ.P. 8(a) provides as follows:

**(a) Claim for Relief.** A pleading that states a claim for relief must contain:

**(1)** a short and plaint statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

**(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and

1        **(3)** a demand for the relief sought, which may include relief in the alternative or

2        different types of relief.

3        The proposed amended complaint eliminates the federal civil rights claims against the

4  City of Lakewood, and alleges the claims only against Officer Syler; accordingly, the proposed

5  amended complaint meets the legal standard for stating a federal constitutional claim.  The

6  proposed amended complaint also states a claim against the City of Lakewood under RCW

7  16.08.040.

8        With regard to the state law claims of assault and battery, negligence, negligent use of

9  excessive force, intentional infliction of emotional distress/outrage, and negligent infliction of

10  emotional distress, it is difficult to determine whether plaintiff is alleging liability on the basis of

11  *respondeat superior* for Officer Syler's actions in controlling and handling Astor; whether

12  plaintiff is alleging direct causes of action against the City of Lakewood, based upon Officer

13  Syler's conduct (these direct causes of action were dismissed by the court's May 8, 2010 order);

14  and/or whether plaintiff is alleging that the City of Lakewood has direct liability for Astor's

15  conduct, independent of Officer Syler.  If he wishes to proceed with these state law claims,

16  plaintiff should be required to clarify bases upon which he alleges liability.  As it stands, the

17  proposed amended complaint is not a short and plain statement of the claims showing that

18  plaintiff is entitled to relief.

19        Therefore, although an amendment is appropriate, it is hereby **ORDERED** that plaintiff's

20  motion to file this amended complaint (Dkt. 14) is **DENIED WITHOUT PREJUDICE**.

21        The Clerk is directed to send uncertified copies of this Order to all counsel of record and

22  to any party appearing *pro se* at said party's last known address.

23

24

1    Dated this 22nd day of May, 2012.

2

3

4                     ROBERT J. BRYAN
                      United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON PLAINTIFF'S MOTION TO FILE
AMENDED COMPLAINT- 5